IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN MORRISON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

_____/

No. C 12-04093 JSW

**ORDER DISMISSING THE AMENDED COMPLAINT AND DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

The Court has received Plaintiff's amended complaint filed on September 26, 2012. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

When assessing whether to grant a plaintiff's application to proceed without prepayment of fees, the Court must also review the merits of the case to determine whether it is frivolous or fails to state a claim upon which relief can by granted. To the extent it is comprehensible, Plaintiff's amended claim against the Department of Justice still appears be premised upon its failure to investigate her allegation of civil rights violations perpetrated by other defendants. However, the decision whether to investigate any particular complaint is "discretionary rather than mandatory." *See Terrell v. Attorney General State of California*, 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998), *aff'd* 188 F.3d 515 (9th Cir. 1999) (dismissing claims based on failure by FBI to investigate allegations of civil rights violations, and noting that "[t]he court can find no binding authority requiring the FBI to investigate every complaint it receives. To the contrary, courts have consistently described the FBI's mandate as a 'discretionary rather than mandatory authority.'") (quoting *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995)). Accordingly, the decision by the Department of Justice in this matter not to investigate Plaintiff's amended complaint does not amount to a constitutional wrong. The Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Having been given a second opportunity to amend her complaint and having again failed to state a claim, the Court DENIES Plaintiff's application to proceed *in forma pauperis* and DISMISSES the amended complaint. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   October 1, 2012


JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SUSAN MORRISON,

       Plaintiff,

  v.

US DEPARTMENT OF JUSTICE et al,

       Defendant.
                                        /

Case Number: CV12-04093 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Susan Morrison
1020 Post Street
Apt. 403
San Francisco, CA 94109

Dated: October 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk